Filed 12/18/14  P. v. Frausto CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061312 |
| V. | (Super.Ct.No. SWF1302966) |
| JULIE ANNE FRAUSTO, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of Riverside County.  Judith C. Clark, Judge. Affirmed.

Maria Leftwich, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant Julie Frausto is serving four years in prison as a second-striker after pleading guilty to robbery (Pen. Code, § 211)[1] and other charges for stealing $55 worth

---

[1]  All further statutory references are to the Penal Code unless otherwise indicated.

of items from a Wal-Mart store and shoving a loss prevention officer. We affirm her conviction and sentence.

## FACTS AND PROCEDURE

On October 15, 2013, a loss prevention officer saw defendant and her codefendant place a number of items in defendant's purse while shopping at a Wal-Mart store. They stopped at a cash register to pay for some small food items, but did not pay for approximately $55 worth of items they had placed in defendant's purse. The loss prevention officer confronted the pair once they had exited the store, grabbed defendant's purse, and told them to accompany him back into the store. The codefendant grabbed the loss prevention officer and swung him to the side while defendant shoved a second loss prevention officer. The pair left the store with the purse, but were later arrested at home.

On February 14, 2014, the People charged defendant in an amended felony complaint with burglary (§ 459), petty theft with prior theft convictions (§ 666, subd. (a)), and robbery (§ 211). The People also alleged that defendant had a prior strike conviction, a robbery, from 1991 (§§ 667, subds. (c) & (e)(1) and 1170.12, subd. (c)(1)).

On February 14, 2014, defendant pled guilty to all charges and admitted the strike prior. The trial court told defendant that she could received a prison term of up to four years, that defense counsel would file a *Romero*[2] motion, and the court would decide whether to dismiss her strike prior. The court specifically told defendant: "And you understand that as long as I don't sentence you to more than four years, you do not have

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.

the right to withdraw your plea just because you don't like the decision that I make. [¶] Do you understand that?" Defendant answered "Yes."

At the sentencing hearing held on April 18, 2014, the court heard and denied defendant's *Romero* motion, commenting that defendant had already had a *Romero* motion granted in 2009 and had received probation on a theft charge, but had not learned from it. The court sentenced defendant to the low term of two years for the robbery, doubled to four years for the prior strike. The court imposed identical four-year terms for the burglary and petty theft with priors charges, but stayed them pursuant to section 654.

This appeal followed.

### DISCUSSION

After the notice of appeal was filed, this court appointed counsel to represent defendant. Counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738 [87 S.Ct. 1396, 18 L.Ed.2d 493], setting forth a statement of the case and identifying potential arguable issues.

Defendant was offered an opportunity to file a personal supplemental brief, which she has done. In a handwritten supplemental brief, defendant claims that: (1) defense counsel incorrectly told defendant she would serve only 18 months or two years; (2) defense counsel pressured defendant into pleading guilty by telling her she faced 11 to 15 years in prison if she went to trial; and (3) the trial court erred when it denied defendant's *Romero* motion. As discussed above, the trial court made sure that defendant understood that she was facing up to four years in prison and would have no cause to appeal if she

3

received anything less than four years. Defendant did in fact face up to 11 years in prison if she went to trial, as indicated in the hand-written note on the plea form where it says, "The maximum possible custody commitment for the admitted charges and enhancements is: "11 yr. 4 month." We do not find any abuse of discretion by the trial court when it declined to dismiss defendant's strike prior. This is because, as the court commented, defendant already dodged a long prison sentence in 2009 when the court in a previous case granted her *Romero* motion and placed her on probation.

Under *People v. Kelly* (2006) 40 Cal.4th 106, we have conducted an independent review of the record and find no arguable issues.

### DISPOSITION

The judgment and sentence are affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:

HOLLENHORST
J.

KING
J.

4